LA SOCIEDAD PROTECTORA DE LOS NIÑOS HUÉRFANOS DE RÍO PIEDRAS, ETC., Petitioner, *v.* DISTRICT COURT OF SAN JUAN, RICARDO LA COSTA, JR., JUDGE, Respondent.

No. 1238. Argued April 14, 1941.—Decided April 15, 1941.

*H. Torres Solá* and *F. Pérez Almiroty*, for petitioner. *S. Cruz Disdier*, for intervener, plaintiffs in the main action.

MR. JUSTICE DE JESÚS delivered the opinion of the Court.

The petition of certiorari filed in this case alleges that the lower court committed certain errors of procedure when

it annulled, in a declaratory action, the summary foreclosure proceeding brought by the petitioner against the heirs of Francisco Molina Varela. As in effect the errors assigned by the petitioner, if committed, would constitute procedural errors, we issued the writ, and the records of the summary foreclosure proceeding and of the suit in which the nullity of said proceeding was decreed were remitted to us. The hearing of this case was held yesterday, and the case was argued by the petitioner and the intervener, heirs of Francisco Molina Varela.

It appears, from the study which we have made of the above mentioned records, that the plaintiffs in the nullity proceedings—here interveners—allege five causes of nullity which the trial judge set forth in his opinion under the letters A to E, inclusive; that said judge discussed the causes of nullity set forth under the letters A to C, and decreed the nullity of the summary foreclosure proceeding, basing his judgment on the last of these causes and expressing himself as follows:

"As we consider that the ground of nullity under letter C. is sufficient to uphold a judgment for plaintiffs with respect to the first cause of action of the complaint, since the motion requesting the service of the summons upon the defendants by publication, in the above mentioned summary foreclosure proceeding, was not sworn, we shall not consider the other two alleged causes of nullity. This court never acquired jurisdiction over said defendants. The motion of nonsuit is denied."

It appears furthermore from the petition of certiorari and the action of nullity, that an appeal taken from the judgment rendered in said action is still pending. Even assuming that the grounds on which the trial judge based his opinion were erroneous, the judgment would have to be affirmed if other grounds which would uphold it should appear from the record, since the lower court did not consider the alleged causes of nullity under letters D and E which in our opinion are not frivolous; said judgment may not be annulled in this

certiorari proceedings but instead the parties should abide by the pending appeal, in order that judgment be finally rendered, taking into consideration all the grounds of nullity alleged in the complaint. Otherwise, we would run the risk of annulling a judgment which could be upheld upon other grounds alleged in the complaint but not raised in the petition for certiorari nor considered by the trial judge.

For the foregoing reasons, the writ issued is annulled, without prejudging the questions raised in the petition for certiorari.